## LUCY ANN CARPENTER *v.* ELIAS F. BROWN.

Where a testator, by his will, gave to his wife " all his property, both real and personal, of which he was possessed at his decease, after paying all his just debts," and then gave her power to sell any part of his property for the payment of his debts and the support and education of his daughter until she arrived at the age of eighteen years, when the daughter was to have one half of his property, but in the event of her death before eighteen the wife was to have the whole; *held,* that the wife had an indefeasible title in fee to an undivided half of the real property of the testator, and by virtue of this interest, and her power under the will to sell the other half, could give a good title in fee to any specific portion of the testator's real estate.

BILL in equity to enforce the specific performances of a contract for the purchase of the westerly half of the " Noyes Neck Farm," so called, in Westerly.

The case was submitted to the court, upon the following agreed facts: Francis Carpenter, the husband of the complainant, died seised of the whole of said farm, containing about two hundred and forty acres; and by his last will and testament, which has been duly proved, appointed the complainant his sole executrix, and disposed of his property as follows: —

" I give and bequeath to my dearly beloved wife, Lucy Ann Carpenter, all my property, both real and personal, which I am possessed of at my decease, after paying all my just debts; and it is furthermore my will, that my dear wife should sell any part of my property that she may think right and proper to do, to pay my just debts, and to bring up, clothe, educate, and take care of my daughter, Susan Knowles Carpenter, out of my estate, until she arrives at the age of eighteen years; and then, it is my will, that my said daughter should have one half of my property; and it is furthermore my will, that if my said daugh-

ter should die before she arrives at the age of eighteen years, then it is my will that my said wife should have all my property."

The testator died seised of the farm in question, which had been purchased by him subject to the condition to pay to Asa Potter, trustee, the sum of one hundred and twenty dollars during the life of Caroline Thurston, and on her decease, to pay to the children of said Caroline, the sum of two thousand dollars. Subsequent to his death, his widow, the complainant, having exhausted all his personal property and the proceeds of a tract of land in South Kingstown, heretofore sold by her, in the payment of his debts and the support of the daughter, and expended therefor a large sum of money besides, in November, 1859, entered into the following written contract with the defendant for the sale and purchase of the westerly half of said farm : —

" I, Lucy Ann Carpenter, of Westerly, county of Washington, hereby agree to deed by warranty, in fee-simple, to Elias F. Brown, of said Westerly, the west part of the Noyes Neck Farm, so called, situated in said Westerly, as surveyed and platted by William C. Stanton of Voluntown, Connecticut, and containing one hundred and twenty and one quarter acres, and twenty-eight rods, subject to the following incumbrance and lien on said land, to wit : the said Brown to pay Asa Potter, trustee to Caroline Thurston, sixty dollars a year, during the life of said Caroline, and after her decease to pay one thousand dollars to the children of said Caroline, and to pay four thousand on delivery of said deed ; and I, the said Elias, agree to take said deed of said land whenever the said Lucy shall notify me that she is ready to deed as aforesaid ; and to pay to said Lucy the abovenamed four thousand dollars, according to the terms of this agreement.

" Westerly, Nov. 1859.

(Signed) " Lucy Ann Carpenter.

Elias F. Brown."

Both parties were desirous to complete the contract; but doubts having arisen as to the title of the complainant, under

the will of her husband, to convey the interest stipulated for, this bill was filed for the purpose of resolving the same.

*W. Updike,* for the complainant.

1. The governing rule in the construction of wills is the intention of the testator; and where technical words of limitation are not used, this controls the quality of the estate derived. *Hogan* v. *Jackson,* Cowp. 299. "All I am worth;" "all my property," &c., have, under this rule, been held to mean "all my estate," and to convey, unless otherwise limited or controlled, a fee-simple. *Morrison & others* v. *Semple & another,* 6 Binn. 94; *Rossetter* v. *Simmons,* 6 S. & R. 452. Doe. dem. *Wall* v. *Longlands,* 14 East, 370; *Harrold* v. *Hoskins,* 2 Dev. & Bat. 479.

2. A devise to one with a power of sale gives a fee-simple in the estate devised; *Jackson* v. *Robins,* 16 Johns. 588; unless a more limited interest be expressed. *Morris* v. *Phalen,* 1 Watts, 389.

3. When the devisee is charged with some duty connected with the devise, the performance of which is inconsistent with any less estate, an estate of inheritance will pass. *Hall* v. *Goodwin,* 2 N. & M. 383.

*E. R. Potter,* for the defendant.

AMES, C. J. The first clause of the will of Francis Carpenter, if it stood alone, would vest in the complainant the whole of his estate, both real and personal, in absolute property; but the power to sell, which follows, and which is inconsistent with such a disposition, and the provision that his daughter, if she attained the age of eighteen years, should have one half of his property, qualify the first clause, and leave for the complainant only an undivided half of the testator's estate, with a contingent right to the other half, if the daughter should die before arriving at the age of eighteen years. The words "all my property, both real and personal," especially accompanied as they are with the charge of debts and power of sale, are quite sufficient to carry to the complainant a fee in the real property of the testator; indicating, as they do, in the connection in which they stand, all his interest in what he should be possessed of at the time of his decease; Doe d. *Shell* v. *Patterson,* 16 East, 221; *Nicholls* v. *Butcher,* 18 Ves. 194; *Patton* v. *Randall,*

1 Jac. & Walk. 189; and the words that follow only control their operation so far as to let the daughter into an undivided half of the estate, in the event she should attain the age of eighteen years. There can be no doubt that the testator intended that his daughter, if she survived the age of eighteen years, should have one half of his estate in absolute property; and precisely the same language is used to indicate the extent of the wife's interest in the other half, and, contingently, in the whole of his estate.

The complainant's right, under the will of her husband, to an undivided half of his real property in fee, would not, however, entitle her, before partition, to convey the western portion of the farm in question to the defendant. But we are of opinion that the express power given to her " to sell any part of the property that she may think right and proper to do," not only for the payment of debts, but to support and educate her daughter, confers upon her, under the facts agreed, this right; and, coupled with her fee in the other half, enables her, subject to the condition in favor of the Thurstons which the contract contemplates, to give to the defendant the title in fee-simple for which he contracted.

A decree must therefore be entered compelling the defendant specifically to perform his contract of purchase with the complainant, and the case, unless the parties otherwise agree, be referred to a master to settle the conveyance and superintend the due execution of the contract on both sides.